

Michael A. Cohen, OSB #965776
Email: mcohen@schwabe.com
Matthew R. Wilmot, OSB #061936
Email: mwilmot@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suites 1500-2000
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

Attorneys for Plaintiffs Columbia Sportswear Company, Columbia Sportswear North America, Inc., and Columbia Sportswear USA Corporation

FILED'11 FEB 11 12:08USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR COMPANY,** an Oregon corporation, **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation, and **COLUMBIA SPORTSWEAR USA CORPORATION,** an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**GOLDTOEMORETZ, LLC,** a Delaware limited liability company,<br><br>Defendant. | Civil No. CV'11 - 181 MO<br><br>**COMPLAINT**<br><br>(Declaratory Judgment of Non-Infringement and Non-Dilution - Trademark)<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiffs Columbia Sportswear Company, Columbia Sportswear North America, Inc. and Columbia Sportswear USA Corporation (collectively, "Columbia"), state and allege as follows:

PAGE 1 -    COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1



## NATURE OF THE CASE

1. This is an action for declaratory relief under 28 U.S.C. § 2201 arising from Defendant GoldToeMoretz, LLC's ("Defendant") allegations of trademark infringement against, and demands for payment from, Columbia in connection with Columbia's use of a certain ornamental design (the "Design," as defined in paragraph 10 below) that Defendant claims is confusingly similar to its "3 Chevrons" mark (described below). Columbia's use of the Design does not infringe Defendant's rights, if any, in its "3 Chevrons" mark because, among other reasons: (i) Columbia's use of the Design is merely ornamental and does not constitute a trademark use as a matter of law; (ii) the "3 Chevrons" mark, to the extent it functions as a trademark at all, is a weak mark entitled to only a narrow scope of protection; (iii) the "3 Chevrons" mark is aesthetically functional and lacks secondary meaning; (iv) there are significant differences in appearance and commercial impression between the "3 Chevrons" mark and Columbia's Design as a whole; (v) there has been no actual confusion among consumers; (vi) there are differences in the relevant marketing and sales channels for the parties' respective products; and (vii) the products incorporating the Design all prominently display Columbia's famous trademarks and logos on the products themselves and their packaging, eliminating any potential confusion as to source or origin. Columbia asks the Court to enter a declaratory judgment that Columbia's use of the Design is not likely to cause confusion, mistake or deception among consumers, and therefore does not constitute infringement or unfair competition, and is not likely to dilute Defendant's rights in its "3 Chevrons" mark, if any.

## THE PARTIES

2. Plaintiff Columbia Sportswear Company is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. Columbia Sportswear Company is the ultimate parent company of Columbia Sportswear North America, Inc. and Columbia Sportswear USA Corporation, and is responsible for Columbia's global design, sourcing and management.

PAGE 2 -   COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

3. Plaintiff Columbia Sportswear North America, Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located in Portland, Oregon. Columbia Sportswear North America, Inc. is the owner of all of Columbia Sportswear's North American intellectual property.

4. Plaintiff Columbia Sportswear USA Corporation is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business located in Portland, Oregon. Columbia Sportswear USA Corporation is directly responsible for all of Columbia's sales in the United States.

5. On information and belief, Defendant GoldToeMoretz, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Burlington, North Carolina. On information and belief, Defendant manufactures and sells socks and other clothing accessories.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. §§ 1331 and 1338, because the action arises, in part, under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

7. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(2) because a substantial part of the events and occurrences giving rise to Columbia's claim occurred in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1), (c) and (d).

8. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant engages in substantial and systematic commercial activities with individuals and entities located or doing business in Oregon, distributes products used or purchased within the State of Oregon in the ordinary course of trade, and otherwise has constitutionally sufficient contacts with Oregon so as to make personal jurisdiction proper in this Court. Among other things, on information and belief, Defendant sells goods in this judicial district through such retailers as Big 5 Sporting Goods, Fred Meyer, Kohl's, Dick's Sporting Goods, and Famous

PAGE 3 -    COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

Footwear. Defendant has also sent a cease and desist letter and directed other communications to Columbia, a resident of this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Columbia Sportswear Company is a well-known, highly-visible, and highly successful designer and seller of a wide variety of outerwear, sportswear, footwear, accessories and equipment. Columbia has grown from a small family-owned business that was founded in 1938, to one of the world's largest designers and sellers of outerwear. Columbia distributes its outerwear, sportswear, footwear, backpacks, equipment and accessories in more than 100 countries to over 10,000 retailers. In the United States, Columbia products are sold throughout the country in over 2,000 retail stores as well as six Columbia flagship stores.

10. In 2010, Columbia introduced a women's outdoor sock marketed, sold and distributed under the trademark "Women's Hiker Mid™" and "Women's Hiker Lite™" (collectively, the "Product"). The appearance of the Product consists of an ornamental design featuring: (1) two dark bands that loop around the heel and toe areas of the sock, respectively; (2) three equally-spaced inverted triangles inside a dark rectangular border; and (3) the famous Columbia logo, located on the calf portion of the Product (collectively, the "Design"). A true and correct image of the Product is attached hereto as Exhibit A.

11. The Product is sold in retail stores and/or sold to consumers with packaging and other source-identifying materials. These packaging materials clearly indicate to consumers the source of the Product through the prominent display of Columbia's famous trademarks and logos.

12. On information and belief, Defendant is the owner of various U.S. trademark registrations relating to its "3 Chevrons" mark, including, U.S. Registration No. 2,954,083, for "socks and clothing, namely, shirts, pants, leggings, shorts, hats, visors, shoes, and sandals"; U.S. Registration No. 1,624,975, for "hosiery, namely, ladies' and girls' casual and sports socks and men's and boys' casual and sports socks"; and U.S. Registration No. 1,633,270, for "hosiery,

PAGE 4 -   COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

namely, ladies' and girls' casual and sports socks and men's and boys' casual and sports socks." As shown in these registrations and, on information and belief, as used by Defendant in commerce, Defendant's "3 Chevrons" mark consists of three tightly stacked inverted chevrons. Chevrons are distinguishable from triangles as a chevron is generally described as an inverted-V shaped pattern. True and correct copies of the registration certificates for U.S. Registration No. 2,954,083, U.S. Registration No. 1,624,975, and U.S. Registration No. 1,633,270 are attached hereto as Exhibit B.

13.   On or about January 15, 2011, John Motley, Columbia's Associate General Counsel & Director of Intellectual Property, received an email from Larry Jones, an attorney representing Defendant. Attached to the email was a formal "cease and desist" letter of the same date alleging that Columbia's use of the Design in connection with the Product – in particular, the three equally-spaced inverted triangles – infringes Defendant's rights in its "3 Chevrons" mark as set forth in U.S. Registration No. 2,954,083. The January 15, 2011 letter demanded, among other things, that Columbia cease and desist from all further use of the Design or sale of the Product, that Columbia produce a list of Columbia's wholesalers, distributors, and retailers who have sold or distributed the Product, and that Columbia provide to Defendant an accounting of its total revenues received from the sale of the Product. The January 15, 2011 letter further stated that upon Columbia's "prompt compliance" with Defendant's demands, a representative of Defendant would contact Columbia to discuss Defendant's "entitlement to monetary remedies arising from Columbia Sportswear's unlawful activities."

14.   In subsequent email exchanges between the parties, Columbia denied that its use of the Design infringes Defendant's rights under its "3 Chevrons" mark but nevertheless offered to cease selling the Product once its current inventory is depleted. In response, Mr. Jones reiterated Defendant's demands that Columbia immediately cease and desist from all further sale of the Product and that Columbia disclose to Defendant the volume of Product sold and Columbia's associated revenues. In an email dated February 7, 2011, Mr. Jones threatened that

PAGE 5 -   COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

Defendant "intends to obtain the requested information by either voluntary disclosure or through formal discovery"; that it "is Columbia's Sportswear's choice as to the method by which that information will be provided"; and that if "Columbia Sportswear chooses to provide the requested information *voluntarily*, it should do so by this Friday, February 11." (emphasis in original). Columbia brings this action in an effort to remove the cloud that Defendant's threats have cast over Columbia's business operations.

15.     Defendant's charges of infringement, demands for payment, and threats of litigation have created an actual, substantial and justiciable case or controversy between Defendant and Columbia with respect to Columbia's use of the Design in connection with the Product. Based on Defendant's unjustified charges of infringement, demands for payment, and threats of litigation, Columbia has a real and reasonable apprehension that Defendant will itself commence litigation against Columbia over Columbia's use of the Design if Columbia does not comply with Defendant's demands.

16.     Columbia's use of three equally-spaced inverted triangles as part of the Design is not a trademark use as a matter of law, as the Design – including the three equally-spaced inverted triangles – is mere ornamentation that serves no source identifying purpose. Columbia did not (and does not) intend that the Design function as a trademark and did not and (does not) intend to create consumer confusion as to the Product's source, sponsorship or affiliation. Indeed, Columbia had no knowledge of Defendant's use of, and purported rights in, a "3 Chevrons" mark until receiving Mr. Jones' January 15, 2011 demand letter.

17.     Defendant's "3 Chevrons" mark does not function as a trademark because it is mere ornamentation that does not identify the source of Defendant's goods or serve to distinguish Defendant's goods from those of third parties.

18.     Defendant's "3 Chevrons" mark, to the extent it functions as a trademark, is a weak mark in that it consists of basic geometric shapes that are commonly used by third parties

PAGE 6 -   COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

in the marketplace. As a weak mark, the "3 Chevrons" mark is entitled to only a narrow scope of protection against the marks of competing users.

19. Defendant's "3 Chevrons" mark, to the extent it functions as a trademark, constitutes product configuration trade dress that can be enforced against third parties only upon a showing of secondary meaning and non-functionality. The "3 Chevrons" mark has not acquired secondary meaning in that consumers do not view products displaying the "3 Chevrons" mark as originating from a single source. Further, the "3 Chevrons" mark is aesthetically functional in that it serves an ornamental and aesthetic purpose wholly independent from any alleged trademark function in identifying Defendant.

20. In determining likelihood of confusion in a product configuration trade dress case, the trade dress at issue must be compared as a whole. Columbia's Design as a whole does not look the same and does not create the same commercial impression as Defendant's "3 Chevrons" mark. In particular, the Design consists of three equally spaced inverted triangles included within a dark rectangular border, dark loops around the heel and toe areas, and Columbia's famous logo. In comparison, the "3 Chevrons" mark consists merely of three tightly stacked, inverted V-shaped chevrons.

21. On information and belief, there has been no actual confusion among consumers between any products licensed or sold by Defendant under its "3 Chevrons" mark and Columbia's Product displaying the Design.

22. On information and belief, the products licensed or sold by Defendant under its "3 Chevrons" mark are marketed and sold in different channels of trade than the Product sold by Columbia displaying the Design.

## FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement, 15 U.S.C. § 1114(1))

23. Columbia incorporates by reference paragraphs 1 through 22 set forth above.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

24. There is no likelihood of confusion, mistake or deception among consumers as to whether Columbia and/or its outdoor apparel products, including the Product at issue, are associated with, sponsored by, connected to, or affiliated with Defendant or its products because, among other reasons: (i) Columbia's use of the Design is merely ornamental and does not constitute a trademark use as a matter of law; (ii) the "3 Chevrons" mark, to the extent it functions as a trademark at all, is a weak mark entitled to only a narrow scope of protection; (iii) the "3 Chevrons" mark is aesthetically functional and lacks secondary meaning; (iv) there are significant differences in appearance and commercial impression between the "3 Chevrons" mark and Columbia's Design as a whole; (v) there has been no actual confusion among consumers; (vi) there are differences in the relevant marketing and sales channels for the parties' respective products; and (vii) the products incorporating the Design all prominently display Columbia's famous trademarks and logos on the products themselves and their packaging, eliminating any potential confusion as to source or origin.

25. Columbia therefore is entitled to a declaratory judgment from the Court that Columbia's use of the Design does not infringe any rights allegedly held by Defendant in its "3 Chevrons" mark under 15 U.S.C. § 1114 or any state law.

## SECOND CLAIM FOR RELIEF

### (Declaration of No False Designation of Origin, No Misrepresentation and no False Advertising, 15 U.S.C. § 1125(a))

26. Columbia incorporates by reference paragraphs 1 through 25 set forth above.

27. There is no likelihood of confusion, mistake or deception among consumers as to whether Columbia and/or its outdoor apparel products, including the Product at issue, are associated with, sponsored by, connected to, or affiliated with Defendant or its products because, among other reasons: (i) Columbia's use of the Design is merely ornamental and does not constitute a trademark use as a matter of law; (ii) the "3 Chevrons" mark, to the extent it functions as a trademark at all, is a weak mark entitled to only a narrow scope of protection; (iii)

PAGE 8 -    COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

the "3 Chevrons" mark is aesthetically functional and lacks secondary meaning; (iv) there are significant differences in appearance and commercial impression between the "3 Chevrons" mark and Columbia's Design as a whole; (v) there has been no actual confusion among consumers; (vi) there are differences in the relevant marketing and sales channels for the parties' respective products; and (vii) the products incorporating the Design all prominently display Columbia's famous trademarks and logos on the products themselves and their packaging, eliminating any potential confusion as to source or origin. Accordingly, Columbia's use of the Design does not constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact under federal or state law.

28. Columbia therefore is entitled to a declaratory judgment from the Court that Columbia's use of the Design does not infringe any rights allegedly held by Defendant in its "3 Chevrons" mark under 15 U.S.C. § 1125(a) or any state law.

## THIRD CLAIM FOR RELIEF

### (Declaration of No Unfair Competition)

29. Columbia incorporates by reference paragraphs 1 through 28 set forth above.

30. There is no likelihood of confusion, mistake or deception among consumers as to whether Columbia and/or its outdoor apparel products, including the Product at issue, are associated with, sponsored by, connected to, or affiliated with Defendant or its products because, among other reasons: (i) Columbia's use of the Design is merely ornamental and does not constitute a trademark use as a matter of law; (ii) the "3 Chevrons" mark, to the extent it functions as a trademark at all, is a weak mark entitled to only a narrow scope of protection; (iii) the "3 Chevrons" mark is aesthetically functional and lacks secondary meaning; (iv) there are significant differences in appearance and commercial impression between the "3 Chevrons" mark and Columbia's Design as a whole; (v) there has been no actual confusion among consumers; (vi) there are differences in the relevant marketing and sales channels for the parties' respective products; and (vii) the products incorporating the Design all prominently display
PAGE 9 - COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

Columbia's famous trademarks and logos on the products themselves and their packaging, eliminating any potential confusion as to source or origin. Columbia therefore is entitled to a declaratory judgment from the Court that Columbia's use of the Design does not constitute unfair competition with respect to any purported rights held by Defendant in its "3 Chevrons" mark as a matter of law.

## FOURTH CLAIM FOR RELIEF

### (Declaration of No Dilution, 15 U.S.C. § 1125(c))

31. Columbia incorporates by reference paragraphs 1 through 30 set forth above.

32. Columbia's use of the Design is not likely to dilute Defendant's "3 Chevrons" mark by either blurring or tarnishment because Defendant's "3 Chevrons" mark is not sufficiently famous. Because the "3 Chevrons" mark is not a famous mark, Defendant's mark is not entitled to protection from dilution.

33. Columbia's use of the Design is not likely to dilute Defendant's "3 Chevrons" mark by blurring because of, among other reasons: (i) the overall lack of similarity between Defendant's "3 Chevrons" mark and the Design as a whole; (ii) the lack of secondary meaning associated with Defendant's "3 Chevrons" mark; (iii) the extensive third party usage of similar ornamentation and designs; (iv) the lack of any intent on the part of Columbia to create an association with Defendant's "3 Chevrons" mark; and (v) the lack of any actual consumer association between the Design and Defendant's "3 Chevrons" mark. Accordingly, Columbia's use of the Design does not constitute dilution by blurring under federal or state law.

34. Columbia's use of the Design is not likely to dilute Defendant's "3 Chevrons" mark by tarnishment due to the lack of any association arising between the Design and Defendant's "3 Chevrons" mark that harms the reputation of the "3 Chevrons" mark. Accordingly, Columbia's use of the Design does not constitute dilution by tarnishment under federal or state law.

35. Columbia therefore is entitled to a declaratory judgment from the Court that

PAGE 10    COMPLAINT FOR DECLARATORY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1

Columbia's use of the Design does not dilute Defendant's "3 Chevrons" mark under 15 U.S.C. § 1125(c) or any state law.

## JURY DEMAND

36. Pursuant to Fed. R. Civ. P. 38(b), Columbia hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Columbia prays for the following relief:

A. That the Court declare that Columbia's past, present and continued use of the Design does not constitute an infringement or dilution of any alleged rights held by Defendant in its "3 Chevrons" mark.

B. That the Court declare that by using the Design, Columbia has not committed acts of false designation of origin, false or misleading description of fact, false or misleading representation of fact or unfair competition under federal or state law, or otherwise violated Defendant's legal rights in any manner.

C. That Defendant be required to pay to Columbia all of Columbia's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

D. That the Court award Columbia such other relief as it deems just and proper.

DATED: February 11, 2011                    SCHWABE, WILLIAMSON & WYATT, P.C.

By:  /s/ Michael A. Cohen
     Michael A. Cohen, OSB #965776
     E-mail: mcohen@schwabe.com
     Matthew R. Wilmot, OSB #061936
     E-mail: mwilmot@schwabe.com

     Attorneys for Plaintiffs Columbia
     Sportswear Company, Columbia
     Sportswear North America, Inc., and
     Columbia Sportswear USA Corporation

PAGE 11    COMPLAINT FOR DECLARATORY JUDGMENT    SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7112370.1