**Michael A. Cohen, OSB #965776**
Email: mcohen@schwabe.com
**Matthew R. Wilmot, OSB #061936**
Email: mwilmot@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suites 1500-2000
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

Attorneys for Plaintiff/Counter-Defendant Columbia Sportswear Company and Plaintiffs Columbia Sportswear North America, Inc., and Columbia Sportswear USA Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR COMPANY,** an Oregon corporation, **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation, and **COLUMBIA SPORTSWEAR USA CORPORATION,** an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **GOLDTOEMORETZ, LLC,** a Delaware limited liability company, <br><br> Defendant. | Civil No. CV-11-181-MO <br><br> **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)** |

### INTRODUCTION

In its response to Columbia's motion to dismiss ("Response"), GoldToe agrees with Columbia that there is a conflict between the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (the "N.C. UDTPA") and Oregon's Unfair Trade Practices Act, Or. Rev. Stat. § 646.605, *et seq.* (the "OUTPA"), and further agrees that the law of

PAGE 1 -   REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)
PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

the jurisdiction with the "most significant relationship" to this dispute should apply. It is GoldToe's application of these standards that misses the mark.

GoldToe fails to provide a compelling justification as to why the N.C. UDTPA should apply to a counterclaim brought in Oregon, against a defendant residing in Oregon, in connection with alleged unlawful conduct that occurred primarily in Oregon. GoldToe's primary argument is that the N.C. UDTPA should apply because the alleged injury was suffered in North Carolina. However, GoldToe ignores the location of the alleged unlawful conduct, which is the element that the *Restatement (Second) of Conflict of Laws* considers most relevant in determining which state has the most significant relationship in unfair competition cases. Because the alleged unlawful conduct occurred primarily in Oregon and because the other remaining factors to be considered by the Court either weigh in favor of the application of Oregon law or are neutral, Oregon has the most significant relationship with this dispute and GoldToe's N.C. UDTPA claim should be dismissed with prejudice and without leave to amend.

## POINTS AND AUTHORITIES

**I.   The Location of the Alleged Conduct and Not the Location of the Alleged Injury is Controlling in this Case.**

Courts in unfair competition cases applying the "most significant relationship" test of the *Restatement (Second) of Conflict of Laws* ("*Restatement*") give more weight to the location of the conduct than the place of the injury. This is true because there is often no identifiable place of injury, or the alleged injury occurs in multiple jurisdictions.[1] *See Restatement* § 145 cmt. e-f (1971); *see also Newton v. Thomason*, 22 F.3d 1455, 1459-60 (9th Cir. 1994).[2]

---

[1] Sections 6 and 145 of the *Restatement* set forth the factors used by Oregon courts in analyzing conflict of law issues. This reply will focus on two of the elements set forth in § 145 of the *Restatement* – the location of the alleged unlawful conduct and location of the alleged injury. While Columbia maintains that the remaining factors weigh in its favor, as GoldToe concedes, at a minimum these remaining factors are neutral and favor neither party.

[2] *See also CollegeNET, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 U.S. Dist. LEXIS 21059, at *48 (D. Or. Oct. 12, 2004). Columbia is mindful of 9th Cir. R. 36-3, which prohibits citation to unpublished cases issued before January 1, 2007. However, Columbia is compelled to respond to the authorities cited in GoldToe's Response, namely, *CollegeNET, Inc.*

PAGE 2 -   REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)
PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

GoldToe's arguments that the location of the alleged injury should control the Court's choice of law analysis and that the alleged injury occurred in North Carolina are without merit because: (1) the location of the alleged conduct is most relevant in applying the "most significant relationship test" in unfair competition cases; and (2) the cases cited by GoldToe do not support the claim that the alleged injury was suffered in North Carolina.

### A.   Courts agree that the place where the alleged conduct occurred is the most relevant factor in the choice of law analysis.

When deciding conflicts of law issues involving the OUTPA and similar statutes from other states, this Court has given more weight to the place where the conduct causing the alleged injury occurred. In *CollegeNET, Inc.*, defendant brought various counterclaims, including a claim for unfair competition under Section 17200 of the California Bus. & Prof. Code. *See CollegeNET, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *2.[3] Plaintiff moved to dismiss defendant's counterclaim, arguing that the OUTPA's prohibition on claims between competitors was in conflict with Section 17200 of the California Bus. & Prof. Code and that Oregon law should apply. *Id.* at *42-*43. After analyzing the relevant factors set forth in the *Restatement*, Judge Hubel held that Oregon had the most significant relationship with the case and recommended that the counterclaim be dismissed. *Id.* at *52. Judge Hubel concluded that although the place of the alleged injury was in California, "Oregon, the place where the offending conduct was generated, is more relevant in this unfair competition claim." *Id.* at *48. The remaining *Restatement* factors were either neutral, or weighed in favor of Oregon law. *Id.* at *49-*52.

This analysis is directly on point here. Like *CollegeNET, Inc.*, there is a material conflict between the OUTPA and a parallel statute from another state based on the fact that the OUTPA does not provide a cause of action for competitors. Also similar to *CollegeNET, Inc.*, the alleged unlawful conduct – in this case, the development, creation and approval for sale of the accused sock design – comprises actions taken by Columbia's employees at its global headquarters located in Oregon. This Court should conclude that Oregon has the most significant relationship

---

[3] See generally footnote 2 regarding citation of the *CollegeNET, Inc.* opinion.

PAGE 3 -   REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)
PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

with this case by focusing on the location of the alleged conduct rather than the alleged injury.

GoldToe claims that Oregon law should not apply because Columbia has not made a showing "that all or even most of the conduct occurred in Oregon." GoldToe Response, pg. 7. However, courts analyzing choice of law under the "most significant relationship" test in this district and in the Ninth Circuit have not required such a showing. For example, in *CollegeNET, Inc.*, Judge Hubel focused on the fact that the alleged conduct – alleged marketplace misrepresentations – were "generated" in Oregon, notwithstanding that the misrepresentations were published in other states. *CollegeNET, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *50. Similarly, in *Newton*, the Ninth Circuit focused on the source of the alleged conduct – the making of the television program – although the television show was broadcast and advertised nationally. *Newton*, 22 F.3d at 1460. Here, the necessary implication of GoldToe's counterclaim is that the sock design was developed, created and approved for sale by employees at Columbia's global headquarters in Oregon. *See, e.g.*, Counterclaim ¶¶ 42, 52, 58. Even according to GoldToe's own claims, the alleged conduct was "generated" in Oregon notwithstanding the fact that the sock product may have been sold in or shipped to other jurisdictions.

**B.     GoldToe has not shown that the alleged injury occurred in North Carolina.**

The only cases cited by GoldToe for the proposition that the alleged injury occurred in North Carolina involve personal jurisdiction. These cases stand for the proposition that a federal court may have specific jurisdiction over an out-of-state defendant where the defendant intentionally infringed the plaintiff's intellectual property rights knowing that the plaintiff was located in the forum state. *See e.g., Salu, Inc. v. Original Skin Store*, No. CIV. S-08-1035 FCD/KJM, 2008 U.S. Dist. LEXIS 73225 (E.D. Cal. Aug. 13, 2008); *Panavision International LP v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998); *Amini Innovation Corp. v. JS Imports Inc.*, 497 F. Supp. 2d 1093 (C.D. Cal. 2007). In the current case, there is no issue with respect to personal jurisdiction, nor are there the same policy considerations in play in determining personal

PAGE 4 -    REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)
PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

jurisdiction versus choice of law.

At issue in personal jurisdiction cases is whether jurisdiction over an out-of-state defendant comports with the U.S. Constitution's due process guarantees. The court seeks to determine whether the defendant's contacts with the forum state meet the *minimum* thresholds to impose personal jurisdiction. The court is not required to weigh the substance and extent of those contacts against the substance and extent of the parties' contacts with other states. By contrast, a choice of law analysis requires the Court to evaluate and weigh the substantive nature and extent of multiple states' relationships with the dispute.

Thus, "injury" in the context of personal jurisdiction is concerned with meeting minimum thresholds, whereas "injury" in the context of choice of law is concerned with determining whether the nature of the injury is such that it weighs in favor of applying the law of one state over another. If "injury" in the choice of law context could be reduced to the party's location or residence, as argued by GoldToe, then there would be no need to consider the domicile, residency, nationality, place of incorporation or place of business of the parties, the latter of which is a separate factor under the *Restatement* § 145 analysis.

GoldToe's claim that the alleged injury was suffered in North Carolina also contradicts the harm alleged in its counterclaim. Nowhere does GoldToe's counterclaim allege that GoldToe's claimed injuries are limited to North Carolina. Instead, the harm is the alleged damage to its reputation and goodwill and lack of consumer association caused by Columbia's sale of the accused sock product. Counterclaim, ¶ 59. The locus of the harm alleged in GoldToe's counterclaim is thus nationwide. It occurred no more or less so in North Carolina than it did anywhere else where Columbia's sock product was sold.

## II. Policy Considerations and Judicial Economy Do Not Weigh in Favor of Applying North Carolina Law.

While GoldToe is correct that § 6 of the *Restatement* instructs courts to consider the policies of the forum state and those of other interested states, the relevant policy considerations in the current case weigh in favor of applying Oregon law, not North Carolina law. The policy

PAGE 5 - REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)

PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

underlying both the OUTPA and the N.C. UDTPA is primarily consumer protection. *See, e.g., Wright v. Kia Motors Am. Inc.*, Civil No. 06-6212-AA, 2007 U.S. Dist. LEXIS 7431, at *5-6 (D. Or. Jan. 29, 2007) (OUTPA is "first and foremost a consumer protection statute"); *see also Lindner v. Durham Hosiery Mills, Inc.*, 761 F.2d 162, 165 (4th Cir. 1985) ("[t]he apparent purpose behind the enactment of § 75-1.1 [N.C. UDTPA] was the protection of the consuming public"). Although GoldToe argues that both states also have a "strong interest" in protecting businesses from unfair competition by competitors, this argument overlooks the OUTPA's well-recognized exclusion of claims between business competitors. By limiting OUTPA to consumer claims, Oregon has announced a policy that liability under the OUTPA should not attach to claims brought by one business against another. Application of North Carolina law in this case, which provides a cause of action for competitors, would contradict Oregon's statutory policy in this respect.

Application of Oregon law will not diminish any claimed North Carolina policy in favor of protecting competing businesses from unfair competition, as the application of Oregon law will not deprive GoldToe of a remedy for the alleged wrongful conduct. GoldToe concedes that the "core of Columbia's unfair and deceptive conduct is an act of trademark infringement." Response, pg. 5. GoldToe has a remedy for Columbia's alleged trademark infringement under both the federal Lanham Act and Oregon common law and has alleged counterclaims against Columbia under these theories.

While the North Carolina legislature may have considered extraterritorial application of the N.C. UDTPA, none of the cases cited by GoldToe for this proposition involve a substantive choice of law analysis. Whether or not the N.C. UDTPA has extraterritorial application does not affect the Court's obligation to apply Oregon choice of law principles, which dictate that Oregon law should apply. To the extent GoldToe accuses Columbia of forum shopping, Columbia filed suit in Oregon not to avoid the potential application of a North Carolina statute, but because Columbia is located in Oregon and sought to end GoldToe's unfounded claims of infringement

PAGE 6 -    REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)

PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

once GoldToe sent cease and desist letters threatening litigation to Columbia's headquarters in Oregon. *See*, *e.g.*, *CollegeNET, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *52.

Finally, GoldToe's claims of judicial economy are without merit. If GoldToe were truly concerned about judicial economy, it would not be threatening a separate lawsuit in North Carolina but would instead seek to resolve all disputes between the parties in this venue. GoldToe must know that any attempt to file a separate lawsuit in North Carolina would be fruitless, as a second lawsuit based largely on the same operative facts is likely to be either dismissed, stayed or transferred to this judicial district pursuant to the "first-to-file" rule. *See*, *e.g.*, *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982); *see also KVB, LLC v. Ancient Sun Nutrition, Inc.*, Civ. No. 10-699-PA, 2010 U.S. Dist. LEXIS 121426 (D. Or. Nov. 10, 2010). In any event, GoldToe's counsel stated at the recent preliminary injunction hearing that GoldToe would not be filing a separate lawsuit in North Carolina.

## CONCLUSION

As stated by Judge Hubel, "applying Oregon law to Oregon conduct advances certainty, predictability, and uniformity to those who bring suits in Oregon or otherwise engage in conduct within Oregon." *CollegeNET, Inc.*, 2004 U.S. Dist. LEXIS 21059, at *51. For these reasons and for the reasons stated above, Count V of GoldToe's counterclaim should be dismissed with prejudice and without leave to amend.

DATED: July 8, 2011                    SCHWABE, WILLIAMSON & WYATT, P.C.

By:  */s/ Michael A. Cohen*
Michael A. Cohen, OSB #965776
E-mail: mcohen@schwabe.com
Matthew R. Wilmot, OSB #061936
E-mail: mwilmot@schwabe.com

Attorneys for Plaintiff/Counter-Defendant Columbia Sportswear Company and Plaintiffs Columbia Sportswear North America, Inc., and Columbia Sportswear USA Corporation

PAGE 7 -   REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)

PDX/106477/179904/WIL/7755768.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981