**Michael A. Cohen, OSB #965776**
Email: mcohen@schwabe.com
**Matthew R. Wilmot, OSB #061936**
Email: mwilmot@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suites 1500-2000
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

Attorneys for Plaintiff/Counter-Defendant Columbia Sportswear
Company and Plaintiffs Columbia Sportswear North America, Inc.,
and Columbia Sportswear USA Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR COMPANY,** an Oregon corporation, **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation, and **COLUMBIA SPORTSWEAR USA CORPORATION,** an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **GOLDTOEMORETZ, LLC,** a Delaware limited liability company, <br><br> Defendant. | Civil No. CV-11-181-MO <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Upon agreement of the parties to this action and in accordance with Fed. R. Civ. P. 26(c), the Court enters this Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information that is entitled under applicable legal principles and

PAGE 1 - STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

factual circumstances to treatment as confidential.

## APPLICABILITY

1. Confidential information produced in this litigation shall be used solely for the purposes of this lawsuit and for no other purpose (hereafter "Confidential Information"). The restrictions herein on the use and disclosure of Confidential Information shall apply to any documents or materials that incorporate, summarize, refer to, or contain Confidential Information.

## CATEGORIES AND LIMITATIONS

2. A party may designate as "CONFIDENTIAL" any material that constitutes or contains a trade secret or confidential research, development, or commercial information that is not publicly known or publicly available within the meaning of Fed. R. Civ. P. 26(c)(1)(G). The designation of "CONFIDENTIAL" by a designating party constitutes its representation that it reasonably and in good faith believes that the designated material constitutes or contains information in one or more of the foregoing categories within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Confidential Information shall not be disclosed to any person or entity other than:

   (a) Counsel for the parties to the litigation and persons in their employ who are assisting in the conduct of this litigation and service vendors of counsel (including copy services, electronic document vendors, and litigation support services);

   (b) Officers, directors, or employees of the receiving party, including in-house counsel, who are actively engaged in assisting in the conduct of this litigation;

   (c) Non-party consultants and experts (and their professional staffs) who are retained by a party or its trial counsel to furnish services in connection with this action;

   (d) Members of focus groups and mock jurors, provided that no mock jurors

PAGE 2 - STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

or focus group participants are permitted to retain such Confidential Information; and

(e) Trial and appellate courts for this action, and court reporters and necessary support personnel of such court reporters retained in connection with depositions taken by a party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition.

If a party wishes to disclose any Confidential Information to any person not described in subsections (a)-(e) of this paragraph 2, permission to so disclose must be requested from the designating party in writing. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the party requesting such permission, this Court orders otherwise. However, each party may disclose its own Confidential Information without regard to this Protective Order, and such disclosure will not constitute a waiver of confidentiality.

3. Prior to any person identified in paragraphs 2(b)-(d) above receiving the other party's Confidential Information, such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, attached as Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by unauthorized co-employees and third persons.

4. A party may designate Confidential Information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that party reasonably and in good faith believes that it will be placed at risk of suffering a competitive or commercial disadvantage if such Confidential Information is disseminated to the other party in this matter. Examples of such material include without limitation:

PAGE 3 - **STIPULATED PROTECTIVE ORDER**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

      (a)    Current and future business plans;

      (b)    Competitor market analyses;

      (c)    Unpublished financial data, sales and pricing information;

      (d)    Trade secrets;

      (e)    Distributor and customer agreements and licenses;

      (f)    Agreements with sales representatives and distributors; and

      (g)    Current customers and customer lists.

5. Any Confidential Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person or entity other than:

      (a)    Persons identified in paragraph 2(a) above; and

      (b)    Persons identified in paragraph 2(c)-(e) above.

If a party wishes to disclose any Confidential Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person not described in subsections (a)-(b) of this paragraph 5, permission to so disclose must be requested from the designating party in writing. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the party requesting such permission, this Court orders otherwise. However, each party may disclose its own Confidential Information without regard to this Protective Order, and such disclosure will not constitute a waiver of confidentiality.

6. Prior to any person identified in paragraph 5(b) above receiving the other party's Confidential Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," such person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, attached as Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation the obligation to protect Confidential Information from discovery by his or her clients, unauthorized co-employees and third persons.

PAGE 4 -   STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

7. Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner. If it is not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The marking shall state: (1) "CONFIDENTIAL" or other similar legend for Confidential Information designated under paragraph 2 above, or (2) "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other similar legend for Confidential Information designated under paragraph 4 above.

### TREATMENT OF CONFIDENTIAL INFORMATION

8. Any person receiving Confidential Information pursuant to this Protective Order shall not disclose such Confidential Information to any person to whom disclosure is not authorized by the express terms of this Protective Order (except as otherwise authorized by the Court), and shall not make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. Confidential Information shall not be used by any receiving person or party except in connection with the conduct of this litigation. Use by any person of Confidential Information for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

9. Each recipient of Confidential Information shall maintain such material in a secure, safe area and shall exercise reasonable care with respect to the storage, custody, use and dissemination of the Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

10. Any person receiving Confidential Information pursuant to this Protective Order shall agree to subject himself or herself personally to the jurisdiction of the Court in which this litigation is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. The failure of a party to designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other similar

PAGE 5 - STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

legend as provided in paragraph 7 above shall not preclude that party from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. A receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

12. A party shall not be obligated to challenge the propriety of information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the designating party fourteen (14) calendar days written notice of its disagreement with the designation prior to seeking intervention of the Court. The parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as "Confidential" is on the party making such designation. The party challenging the designation with the Court shall treat the information in accordance with the other party's challenged designation until such time as the Court issues an order permitting the party to treat such information with the requested lesser designation.

13. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information, provided that the Confidential Information itself shall not be disclosed except according to the terms of this Protective Order.

## USE OF CONFIDENTIAL INFORMATION

14. In the event that a brief, memorandum, or other paper to be filed or served in this action contains Confidential Information of the other party, counsel shall mark the caption page and all pages of the brief, memorandum or other paper containing such information with the

PAGE 6 - **STIPULATED PROTECTIVE ORDER**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

legend "Confidential." If the brief, memorandum, or other paper is filed with this Court, it shall be filed conditionally under seal in the manner set forth in Local Rule 3-8. Also pursuant to Local Rule 3-8, where possible, counsel shall redact Confidential Information to protect the other party's interests and avoid the need to file under seal. If a party files under seal any document(s) produced under this Protective Order, such document(s) must meet the standards set forth in *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), for the Protective Order to apply to such document(s).

15. Before or during a deposition, and for up to twenty (20) calendar days after receipt of the transcript of that deposition, counsel for the parties may designate portions of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other similar legend pursuant to paragraph 7 above. This may be done before or after a deposition by sending a letter to counsel for the other party specifying the portion of the deposition and the designation to be applied. This may be done during a deposition by a comparable announcement on the record. The designated portions of the deposition shall be appropriately labeled by the court reporter or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript. If deposition testimony is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other similar legend before or during a deposition, then only authorized recipients as defined in paragraphs 2 and 5 above may attend the designated portion of the deposition. The court reporter or videographer for any such deposition shall be informed of the terms of this Protective Order and shall be subject to its terms.

16. This Protective Order has no effect upon, and its scope shall not extend to, a party's use of its own information.

17. A party that knows it intends to present the other party's designated material in oral form at hearings or at trial shall notify the Court and the designating party a reasonable

PAGE 7 - **STIPULATED PROTECTIVE ORDER**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

amount of time in advance. The parties are strongly encouraged to agree on procedures that will minimize the presentation of designated material during hearings or at trial.

## INADVERTENT PRODUCTION AND IMPROPER DISCLOSURE

18. Inadvertent production of Confidential Information without proper designation shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. A party who discovers such inadvertent production shall promptly inform all receiving parties in writing. Receiving parties shall thereafter treat the Confidential Information in accordance with the proper level of designation.

19. If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, outside counsel and the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

## MISCELLANEOUS

20. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery. If a party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed.

21. Nothing in this Protective Order shall be construed as requiring production or disclosure of any material that is subject to a confidentiality or nondisclosure obligation owed to

PAGE 8 - STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

a third party without providing the third party an opportunity to object. If a designating party determines that any material which it is being asked to produce or disclose is subject to a confidentiality or nondisclosure obligation owed to a third party, it shall:

    (a)    promptly identify to the receiving party the name and address of the third party whose confidentiality interests are implicated (to the extent the identity of the third party may be disclosed pursuant to the party's confidentiality or non-disclosure obligation); and

    (b)    promptly provide to the third party whose confidentiality interests are implicated: (i) advance notice of its intention to disclose material held under a confidentiality or nondisclosure obligation, and (ii) a copy of this Protective Order; and

    (c)    within twenty (20) calendar days after providing such notice under subsection 21(b), disclose in accordance with this Protective Order such material to the receiving party unless the third party objects and moves for a protective order from this Court within that time.

22.    This Protective Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court. Within ninety (90) days after final disposition of this action (including any appeal), all designated materials that have been served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials that are in a form that is susceptible of return shall be delivered to counsel for the designating party or, with the consent of and on such conditions as may be specified by counsel for the designating party, destroyed. Notwithstanding the preceding sentence, counsel for the parties shall be permitted to retain one (1) file copy of their respective case files for archival purposes.

PAGE 9 -  **STIPULATED PROTECTIVE ORDER**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 22, 2011

/s/ Michael A. Cohen
SCHWABE, WILLIAMSON & WYATT, P.C.
Michael A. Cohen, OSB #965776
Matthew R. Wilmot, OSB #061936

Attorneys for Plaintiff/Counter-Defendant
Columbia Sportswear Company and Plaintiffs
Columbia Sportswear North America, Inc., and
Columbia Sportswear USA Corporation

DATED: August 22, 2011

/s/ Scott E. Davis
KLARQUIST SPARKMAN, P.C.
Scott E. Davis, OSB #022883

Attorney for Defendant/Counterclaim-Plaintiff
GoldToeMoretz, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 23 Aug 11

Hon. Michael W. Mosman
United States District Judge

PAGE 10 - **STIPULATED PROTECTIVE ORDER**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Oregon on [date] in the case of *Columbia Sportswear Co., et al., v. GoldToeMoretz, LLC*, Civil No. CV-11-181-MO, USDC for the District of Oregon. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Oregon for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my Oregon agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
    [printed name]

Signature:_____
    [signature]

PAGE 11 - STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981

PDX/106477/179904/WIL/7906698.2